UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIVIAN R. HARRIS,  :
    Plaintiff,  :
      :  3:08-cv-909 (CFD)
    v.  :
      :
LONG HILL TREE AND LAWN CARE  :
SERVICE, INC.,  :
    Defendant.  :

**RULING ON MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

This is an age discrimination action brought by the plaintiff, Vivian Harris, against her former employer, defendant Long Hill Tree and Lawn Care Service ("Long Hill"). Harris claims that she was terminated from her job in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621. Long Hill has moved for summary judgment.

**II.    Background[1]**

Harris began working for Long Hill, a tree trimming and removal company,[2] as a part-time employee in 1993 and became full-time in 1994. The parties disagree about her exact job title. Long Hill characterizes her as an "office clerk," while Harris identifies an award she received from the defendant in recognition of her ten years of service as "office manager."

---

[1]Unless otherwise noted, these facts are taken from the parties' memoranda, exhibits, affidavits, and Local Rule 56 statements concerning the pending motion for summary judgment. They are undisputed unless otherwise noted.

[2]Long Hill has approximately twenty employees.

Regardless of the exact job title, while employed by Long Hill Harris was assigned to answer the main telephone, keep the company's business ledger, and handle mail correspondence.

Long Hill contends that when Harris's mother died in the spring of 2006, she cried at work "virtually every day" and her work productivity suffered. When Long Hill's principals approached her about the problem, they claim that Harris became upset and was sent home for the day. On two other occasions, Harris refused to perform her duties (answering the phone and writing checks) and was sent home with pay both times. Negative disciplinary reports were prepared by management, but not given to Harris then because, Long Hill claims, they would have upset her even more. After returning to work from her final paid suspension, Long Hill terminated Harris's employment.

Harris, who was sixty-one years old at the time of her firing, disputes Long Hill's claims. She disagrees with the extent to which she was crying at work,[3] states that she was not confronted with any of the disciplinary reports until her termination, points out that Long Hill gave her a "pink slip" which cited lack of work as the reason for her dismissal, and reports hearing Long Hill's founder make a remark about the high cost of her health insurance approximately two years before her firing. Moreover, Harris alleges that she was replaced by a younger employee. Long Hill disagrees about these factual circumstances, and also contends that none support an inference of age discrimination.

---

[3]Long Hill has produced an affidavit from another employee, who claims that she witnessed Harris "occasionally" crying at work and refusing to perform her duties. See Affidavit of Donna Cocca, Civil Action No. 3:08-cv-909, Dkt. # 20, Ex. 5, ¶¶ 6-7. In addition, Cocca reports that Harris admitted to her that she was being sent home with pay "for refusing to do her job and for poor work performance." Id. at ¶ 8. Cocca is a part time office clerk and secretary at Long Hill.

**III.    Applicable Law and Discussion**

   **A.    Motion for Summary Judgment Standard**

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)).  Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party."  Carlton, 202 F.3d at 134.  Consistent with this standard, all evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it.  Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence

presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

### B. Discrimination Claims Under the ADEA

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court set forth the burdens of proof which apply in a Title VII case, and which courts have applied in ADEA cases. Initially, the plaintiff bears the burden of making a prima facie case of discrimination by a preponderance of the evidence. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). There are four elements of a prima facie case for age discrimination under the ADEA: (1) the plaintiff must demonstrate that he or she is within the class of persons protected by the law, which applies to individuals who are at least 40 years old, (2) that she was qualified for the position, (3) that she suffered an adverse employment action, and (4) that the circumstances surrounding these events give rise to an inference of age discrimination. See 29 U.S.C. § 631(a); Hollander v. American Cyanamid Co., 895 F.2d 80 (2nd 1990).

If the plaintiff makes a successful showing in this regard, the defendant bears the burden of articulating a legitimate, non-discriminatory reason for the conduct. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. at 253, citing McDonnell Douglas, 411 U.S. at 802. Finally, if the defendant satisfies this burden, the plaintiff is required to prove by a preponderance

of the evidence that the defendant's proffered reason was a mere pretext for discriminatory treatment. See *id.*, citing McDonnell Douglas, 411 U.S. at 804. See also, Gorzynski v. JetBlue Airways Corp., 596 F.3d 93 (2nd Cir. 2010) (holding that, "we remain bound by . . . the burden-shifting framework for ADEA cases that has been consistently employed in our Circuit").

If a plaintiff establishes a prima facie case and presents evidence of a pretext, a defendant may, in appropriate cases, still succeed on a summary judgment motion. The court must examine "the entire record to determine whether the plaintiff could satisfy his 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'" Schnabel v. Abramson, 232 F.3d 83 (2nd Cir. 2000) (quoting Reeves, 530 U.S. at 143).

In this case, Harris is over the age of forty, was qualified to hold her job, and suffered an adverse employment action. Therefore, whether she has stated a prima facie case for discrimination under the ADEA depends on the question of whether the circumstances surrounding her dismissal give rise to an inference of discrimination. Harris makes four claims which, she believes, support an inference of age discrimination. She states that the defendant backdated the disciplinary reports, claims that it falsely issued her a false "pink slip" citing lack of work as the reason for the termination, argues that she was replaced by a significantly younger employee, and accuses Warren Jacques (the founder of the company and father of the two officers and present owners)[4] of stating that her health insurance was too costly because of her age. Both parties dispute these facts. But in the light most favorable to Harris, and because "the burden of establishing this prima facie case is minimal," McGuinness v. Lincoln Hall, 263 F.3d

---

[4]Warren Jacques sold Long Hill to his sons in 2006. He is still active in the company, but as a sales representative.

49, 53 (2nd Cir. 2001), these facts establish an inference of age discrimination. Thus, the plaintiff has made out a prima facie case.

Defendants, in turn, have satisfied their burden of articulating legitimate, nondiscriminatory reasons for firing Harris. Long Hill has produced affidavits from the two owners of the company, as well as another employee (Donna Cocca), who say that during 2006 and 2007, Harris was repeatedly crying at work, and that her performance suffered. Long Hill claims that Shawn Jacques, who along with his brother oversees the operations of the company, approached Harris on several occasions during the winter of 2006 and 2007 to discuss her performance. Long Hill has also produced disciplinary reports which state that Harris's "personal stresses" affected her ability to "perform her duties and responsibilities." These specific facts, supported by evidence, are sufficient to satisfy Long Hill's burden.

Thus, the burden shifts back to the plaintiff to show that the defendant's proffered reasons for the termination are a mere pretext for age discrimination. This is a burden the plaintiff has not met. Harris argues that Long Hill's claims about her poor performance are pretextual because while Shawn Jacque's affidavit says Harris was "continually" crying at work, Donna Cocca's affidavit stated Harris was only "occasionally crying" at work. Also, Harris argues that the disciplinary reports do not specifically refer to Harris's crying, only that she suffers from "personal stresses" and "personal problems." Harris argues such lack of detail in the disciplinary reports suggest pretext. Harris also cites the fact that she never received the disciplinary reports at the time the defendant wrote them to be evidence of pretext. Finally, Harris contests Long Hill's explanation of her termination because she testified in her deposition that she was never disciplined by Shawn Jacques, and that she was never sent home from work. While Harris's

statements, considered in the light most favorable to her, certainly conflict with Long Hill's version of events, they raise no genuine issue about intentional age discrimination.

Ultimately, "it is not enough to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." Reeves, 530 U.S. at 147 (internal alterations omitted, emphasis in the original). The disciplinary reports and "pink slip" do not support an inference of age discrimination. Long Hill disputes Harris's claims on both issues. Instead, it claims that Harris knew about the incidents that were the subject of the disciplinary reports and that the "lack of work" justification on the "pink slip" was done only to enable her to secure unemployment compensation. See Defendant's Rule 56 Statement, Civil Action No. 3:08-cv-909, Dkt. 19, ¶¶ 26-27.[5] Mere factual disagreements between the parties are not, without more, probative of discriminatory conduct. See Gray v. AES Greenidge, LLC, 100 Fed. Appx. 844, 846 (2d Cir. 2004) (holding that disputed facts relating to the actions of the employer in a hiring decision were not sufficient to create an inference of discrimination). See, e.g. Crawford v. Department of Investigation, 324 Fed. Appx. 139, 142 (2d Cir. 2009) (observing that an employer's mismanagement during employee layoffs did not necessarily raise an inference of discrimination).

The evidence before the Court about younger employees replacing Harris also would not permit a trier of fact to conclude Long Hill intentionally discriminated against Harris because of her age. Generally, a plaintiff can show an inference of age discrimination when she is replaced

---

[5]Cocca stated in her affidavit that following each of the meetings which resulted in the disciplinary reports, Harris told her she was being sent home because "she was refusing to do her job and for poor performance." See, Donna Cocca Aff., Civil Action No. 3:08-cv-909, Dkt. # 20, Ex. 5, ¶ 8.

by an employee "substantially younger than the plaintiff." O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996). In this case, Long Hill hired a forty-seven-year-old female employee to work as sales manager in the weeks after Harris's firing, which it claims was an entirely different job than the plaintiff's. See Defendants' Rule 56 Statement, Civil Action No. 3:08-cv-909, Dkt. 19, ¶ 35. Additionally, Harris's job responsibilities were distributed among the company's remaining employees, some of whom were younger, but some older. At the time Harris was fired, Scott and Shawn Jacques—the owners of the company who oversaw its daily operations—were thirty-three and thirty-one years of age, respectively. See Plaintiff's Memorandum in Opposition to Summary Judgment, Civil Action No. 3:08-cv-909, Dkt. 24, p. 6. Company founder Warren Jacques, who was still involved in some aspects of the company's operations, was sixty-six years old and Donna Cocca was fifty-one years old. Id. at p. 7. Accordingly, the facts, considered here in the light most favorable to Harris, were that her duties were divided up among employees who were sixty-six, fifty-one, forty-seven, and among the owners, in their early 30s. That the owners of a small family business would take over some of the duties of a recently departed office manager is not probative of age discrimination. Setting aside the Jacques brothers, the other people who took over Harris's responsibilities were sixty-six, fifty-one, and forty-seven—a median age of just over 54. Since the plaintiff was not replaced by an employee or employees "substantially younger" than her, see O'Connor, 517 U.S. at 313, the age of her replacements does not support an inference of age discrimination. See Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000) (finding an inference of discrimination where plaintiff's duties were assigned to new and existing employees who were between eighteen and twenty-five years younger than plaintiff); Montana v. First Federal Sav. and Loan Ass'n of

Rochester, 869 F.2d 100, 109 (2d Cir. 1989) (finding an inference of age discrimination where a fifty-six-year-old plaintiff was replaced by a co-worker and a new employee who were both age twenty six).

Finally, the remarks that may have been made by Warren Jacques about Harris's escalating health insurance costs do not show that age discrimination was a determinative factor in Harris's termination. Generally, "remarks made by someone other than the person who made the decision adversely affecting the plaintiff may have little tendency to show that the decision-maker was motivated by the discriminatory sentiment expressed in the remark." Tomassi v. Insignia Financial Group, Inc., 478 F.3d 111, 115 (2d Cir. 2007), citing Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir. 1992). The remarks must be connected to the adverse employment action. Crawford v. Department of Investigation, No. 07-4793-cv, 2009 WL 1321188 (2nd Cir. May 13, 2009). The remark attributed to Warren Jacques in this case was allegedly made two years before the termination of Harris and, although Warren Jacques was still involved in Long Tree when Harris was terminated, he was not a participant in the decision to terminate Harris's employment.[6] Therefore, even taking Harris's claims in the light most favorable to her, the statement she attributes to Warren Jacques does not support an inference that age discrimination was the reason for her termination.

## IV. Conclusion

For the reasons set forth above, the defendant's motion for summary judgment [Dkt. #

---

[6]Warren Jacques was present when Harris was terminated, but Harris conceded that he was not responsible for her termination and had no "jurisdiction over her employment at that time." See Harris deposition, Civil Action No. 3:08-cv-909, Dkt. # 20, Ex. 1, p. 94.

18] is GRANTED.  The Clerk is directed to close the case.

SO ORDERED this   7th   day of September 2010, at Hartford, Connecticut.


                                                         /s/ Christopher F. Droney

                                                        **CHRISTOPHER F. DRONEY**
                                                        **UNITED STATES DISTRICT JUDGE**